39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 NOVA VAULTS, INC., a Kansas corporation, Plaintiff-Appellant,
v.
INDUCTOTHERM INDUSTRIES, INC., also known as Vantage
Products Corporation, a New Jersey corporation,
Defendant-Appellee.
 No. 94-1086.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Nova Vaults, Inc. appeals the district court's oral order of January 14, 1994, granting defendant Inductotherm Industries, Inc.'s motion to dismiss for lack of personal jurisdiction. The district court determined that Inductotherm did not have sufficient contacts with Colorado for the court to assert jurisdiction over it and that the contacts of Inductotherm's subsidiary, Vantage Products Corp., could not be imputed to Inductotherm because the two are separate and distinct corporations. Also, the district court determined Vantage itself did not have sufficient contacts with Colorado.
 
 
 4
 Upon consideration of Nova Vault's appendix and the parties' briefs on appeal, we conclude the district court correctly determined that it did not have personal jurisdiction over Inductotherm because Inductotherm did not have sufficient contacts with Colorado and any contacts of Vantage could not be imputed to Inductotherm. Reaching this conclusion, we need not consider whether Vantage had sufficient contacts with Colorado.
 
 
 5
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation